**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| LEONARD J. PORTO III,<br><br>            Plaintiff,<br><br>    v.<br><br>JASON FARRIS, et al.,<br><br>            Defendants. | ) No. SA CV 14-1890-DOC (PLA)<br>)<br>) **ORDER ACCEPTING FINDINGS,**<br>) **CONCLUSIONS AND RECOMMENDATION**<br>) **OF UNITED STATES MAGISTRATE JUDGE**<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On October 27, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in this matter in which he recommended that the action be dismissed with prejudice. (Doc. No. 22). On January 4, 2016, following an extension of time, plaintiff filed a document entitled "Plaintiff's Opposition to the Three Reports and Recommendations of the Magistrate Judge." (Doc. No. 25). The Court construes this as plaintiff's Objections to the pending Report and Recommendation, which is the first Report and Recommendation issued in this case.

/

/

/

## II.

## **DISCUSSION**

In a section labeled "Introduction," plaintiff states that he has "suffered behind bars and chaining [sic] to a wall," and, among other things, that he "suffered torture by unlawful search, seizure, and humiliation, multiple police threats, actual attack." (Objs. at 1). Plaintiff's Third Amended Complaint ("TAC"), however, alleges that he was arrested once by Officer Farris on August 22, 2013, for "interfering with an officer," that Officer Farris conducted an "invasive bodily search inside the back of [plaintiff's] swimming trunks," and that he was transferred by unspecified individuals to "solitary confinement behind city jail bars." (TAC ¶¶ 51-52, 61). The TAC also alleges, without naming any responsible officer, specifying any date, or setting forth any supporting factual allegations, that plaintiff was "emotionally traumatized and suffered physical pain of constraint in handcuffs while chained to the wall of a holding area." (TAC ¶ 71). Further, plaintiff in his Objections states that the "city has restricted my use of a DMV handicapped placard in city owned lots to only limited spaces," that he has "suffered assault multiple times by drunks at the city shelter," and that he is "not sharing sleeping space with persons having immediate access to backpacks that are not screened for weapons." (Objs. at 1-2). However, plaintiff's TAC does not raise any claims pertaining to any assault against plaintiff, claims related to plaintiff's use of any City shelter, or any claims arising from his use of a handicapped placard. Accordingly, the Court cannot address these portions of plaintiff's Objections.

In his Objections, plaintiff does object that the Magistrate Judge "required a difficult to use out-dated complaint form in a format confusing to interpret" and that this constitutes a "denial of access to this court" (Objs. at 2), but the Court has carefully considered all of plaintiff's factual allegations regardless of his difficulties in utilizing the civil rights complaint form that was provided. Further, the Court has diligently attempted to ascertain the nature of each of plaintiff's claims despite his "imperfect statement of the legal theory supporting the claim asserted." See Johnson v. City of Shelby, 135 S. Ct. 346, 346 (2014) (per curiam). Although plaintiff argues that he "is disparately targeted" for "judicial scrutiny" based on his status proceeding *in forma pauperis* (Objs. at 3), the Court is obligated to comply with 28 U.S.C. § 1915(e)(2). See, e.g., Shirley v. Univ. of

1  Idaho, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2)(B) and noting that a "district
2  court shall screen and dismiss an action filed by a plaintiff proceeding in forma pauperis"); Lopez
3  v. Smith, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma*
4  *pauperis* complaints" and directs "district courts to dismiss a complaint that fails to state a claim
5  upon which relief may be granted") (en banc). Such screening is required because a litigant
6  proceeding *in forma pauperis*, in the absence of an obligation to pay a filing fee, is "immune from
7  the economic deterrents to filing frivolous lawsuits." Franklin v. Murphy, 745 F.2d 1221, 1226 (9th
8  Cir. 1984). Further, the same standards apply to the Court's screening pursuant to 28 U.S.C. §
9  1915(e)(2) as would apply to a defendant's motion to dismiss had plaintiff paid the required filing
10 fee and served his pleading without screening. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th
11 Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. §
12 1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

13 Plaintiff also objects to the "application of Iqbal" (Objs. at 3) and argues that he "has no
14 clarity as to a clear example of the balance between the federal rules of civil procedure and Iqbal
15 that would allow this case to move past the complaint stage" (Objs at 5). Plaintiff additionally
16 objects that the word "conclusory" is "quite elusory." (Objs. at 4). The Court, however, notes that
17 the Magistrate Judge did not recommend dismissal of plaintiff's claims on the ground that they
18 were "conclusory." Rather, as set forth in the Report and Recommendation, the Magistrate Judge
19 found that plaintiff's pleading fails to include "sufficient factual matter, accepted as true," Iqbal, 556
20 U.S. at 663, to "nudge[] [his] claims across the line from conceivable to plausible." Twombly, 550
21 U.S. at 570. As the Supreme Court has long held, the Court need not accept as true a "legal
22 conclusion couched as a factual allegation." See, e.g., Papasan v. Allain, 478 U.S. 265, 286, 106
23 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Although plaintiff states that he would have "benefited [sic]
24 greatly if this plaintiff could see a clear claim by claim example of the correct wording of a like
25 complaint that did pass judicial scrutiny" (Objs. at 5), as the Magistrate Judge repeatedly advised
26 plaintiff, his pleadings have each contained "claims" that referenced multiple legal grounds, alleged
27 claims against defendants having no apparent connection to the claims, referenced factual issues
28 (such as the availability of handicapped parking spaces in City parking lots) that do not appear to

pertain to any of the claims that plaintiff was purporting to raise, and raised claims for which no factual allegations were set forth (such as the use of excessive force, or a refusal to accommodate plaintiff's disability). Because plaintiff has repeatedly failed to comply with Federal Rules of Civil Procedure 8(a) and 8(d), even construing the allegations of the pleadings liberally and affording plaintiff the benefit of any doubt, the Court is unable to ascertain the number of claims that plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal or factual basis of each of his claims may be.

### III.
### CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings in this action, including the Third Amended Complaint, the other records on file herein, the magistrate judge's report and recommendation, and plaintiff's objections to the report and recommendation. The Court has engaged in a _de novo_ review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: January 8, 2015

_/s/ David O. Carter_
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE